UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
 :
ORILEY GRAYSON, :
 :
       Petitioner, : ORDER
 : 08-CV-0493 (JFB)
       – against – :
 :
DALE ARTUS, :
 :
       Respondent. :
 :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

    By Memorandum and Order dated February 1, 2010, (the "Order"), the Court denied Oriley Grayson's ("Grayson" or "petitioner") petition for *habeas corpus*. In his petition, Grayson asserted that: (1) the trial court erred in finding probable cause for his arrest and that evidence obtained as a result of his arrest should have been suppressed; (2) the evidence presented by the prosecution was insufficient as a matter of law to sustain petitioner's convictions; (3) petitioner was denied a fair trial when the trial court allowed improper testimony showing his propensity for violence; and (4) various summation comments by the prosecutor deprived petitioner of a fair trial. (Docket No. 33.) On February 19, 2010, petitioner filed a notice of appeal to the Second Circuit. (Docket No. 35.) On November 22, 2010, petitioner requested an extension of time to file his motion for reconsideration to this Court, which was opposed by respondent. (Docket Nos. 36-37.) On December 22, 2010, the Second Circuit issued a mandate denying petitioner's appeal. (Docket No. 38.) Petitioner subsequently filed a motion for reconsideration on January 5, 2011, pursuant to Federal Rule of Civil Procedure 60(b)(1). In the motion, currently before this Court, petitioner first argues that this Court improperly denied his request for *habeas* relief based on insufficiency of the evidence. (Pet'r's Aff. at 12-16.) Specifically, petitioner asserts that this Court mistakenly concluded that his cell phone calls

placed him in the vicinity of the murder (*id*. at 12), and incorrectly set forth the facts regarding when his steering wheel cover was tested for gunpowder (*id*. at 16). Further, petitioner argues that evidentiary rulings by the trial judge deprived petitioner of a fair trial. (Pet'r's Mem. at 20.) Respondent filed an opposition to petitioner's motion on January 13, 2011, and petitioner filed his reply on February 3, 2011. For the reasons set forth below, this Court denies the motion for reconsideration and adheres to the determinations in the February 1, 2010 Order.

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir. 1982). Specifically, Rule 60(b) provides that relief may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). "[A] Rule 60(b) motion that attacks the underlying conviction [rather than the *habeas* proceeding] presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, . . . or (ii) the court may simply deny the portion of the motion attacking the underlying conviction . . . ." *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004) (cautioning that portions of a Rule 60(b) motion should not be lightly characterized as second or

successive attacks on the underlying conviction unless the district court believes they "present[] new challenges").

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Medoy v. Warnaco Emples. Long Term Disability Ins. Plan*, 97 CV 6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 14, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

As an initial matter, this Court is barred from reconsidering the Order because the Second Circuit already denied petitioner leave to appeal this Court's denial of *habeas* relief. As noted above, petitioner appealed this Court's February 1, 2010, Order to the Second Circuit. The Second Circuit issued a mandate denying petitioner's motion for a certificate of appealability, dismissing Grayson's appeal because petitioner failed to make a "substantial showing of the denial of a constitutional right." (Docket No. 38.) As a result,

> [t]he Second Circuit's recent review of this case prevents this Court, or any other district court, from reconsidering Petitioner's . . . Motion. Upon Petitioner's motion for a certificate of appealability, the Second Circuit necessarily considered this Court's previous decision[], and determined that no certificate should issue because Petitioner had not made a 'substantial showing of the denial of a constitutional right,' . . . . The Second Circuit's denial of Petitioner's motion for a certificate of appealability is tantamount to a determination that the Court's prior ruling[] . . . [is] valid. As a result of this implicit determination, this Court is now precluded from reconsidering [its prior] ruling[]."

3

*Cole v. United States*, No. 98 CV 7670(SJ), 2006 WL 3257254, at *3 (E.D.N.Y. Sept. 25, 2006). *See also United States v. Stanley*, 54 F.3d 103, 107 (2d Cir. 1995) ("The mandate rule is a specific application of the law of the case doctrine. The rule bars the district court from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals[,]" concluding that this rule applied even where petitioner "failed even to raise the issue he now seeks to litigate." (quotation marks omitted)); *Hales v. Zon*, No. 02-CV-6136(VEB), 2007 WL 3232487, at *2 (W.D.N.Y. Oct. 31, 2007) ("Hale's jurisdictional challenge [in his Rule 60(b) motion] has been mooted since the Second Circuit has dismissed Hales' notice of appeal and his motion for reconsideration of their denial of a certificate of appealability.").

In the alternative, even assuming *arguendo* the Court could consider the petitioner's motion for reconsideration, the Court denies the motion on the merits for the reasons stated in the February 1, 2010, Order. Petitioner has not pointed to any controlling decisions or evidence that this Court overlooked in deciding to deny Grayson's *habeas* petition. Petitioner argues that the Court's chronology as set forth in the Order incorrectly suggests that his steering wheel was tested six hours after the petitioner's arrest, which somehow undermines the conclusion that petitioner's steering wheel tested positive for gunpowder. (Pet'r's Aff. at 16.) Petitioner is wrong. The Court stated in the Order that the steering wheel was removed approximately six hours after the murder, when petitioner was arrested, but did not suggest that the steering wheel was tested right away. (Docket No. 33 at 11.) Petitioner also argues in his motion papers that the Court erred in concluding that his cell phone records placed petitioner "in the vicinity of the murder." (Pet'r's Aff. at 12.) However, even if petitioner is correct, the fact that some calls "occurred before the murder" and "most" from Queens County does not affect the Court's conclusion that petitioner was

4

in the vicinity of the victim's house around the time of the murder. (*Id.*) The Court thus concludes for the reasons set forth in its February 1, 2010 Order that there was sufficient evidence to convict petitioner. Finally, petitioner challenges the trial court's decision to permit testimony of his prior bad acts without adding anything beyond what was already argued to this Court in his *habeas* petition. The Court denies this claim for reconsideration for the reasons stated in its February 1, 2010 Order. A motion for reconsideration "is not one in which a party may reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, 96 Civ. 9015 (DAB), 2006 U.S. Dist. LEXIS 11924, at *4 (S.D.N.Y. Mar. 21, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)). Petitioner fails to demonstrate that reconsideration is warranted and, thus, petitioner's motion is also denied on the merits.

As petitioner has not alleged any facts sufficient to warrant relief from the Court's Order under Federal Rule of Civil Procedure 60(b), the motion to reconsider the Court's Order denying *habeas* relief is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                                                          SO ORDERED.

                                                    _____
                                                    JOSEPH F. BIANCO
                                                    UNITED STATES DISTRICT JUDGE

Dated:       July 28, 2011
               Central Islip, New York